# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DEREK A. HOYTE,

    Plaintiff,

v.

RECONTRUST COMPANY N.A., a National Banking Association; and WELLS FARGO BANK, N.A., a National Banking Association,

    Defendants.

CASE NO. C11-5389BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Recontrust Company N.A.'s and Wells Fargo Bank, N.A.'s ("Defendants") motion to dismiss (Dkt. 9). The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 21, 2011, Plaintiff Derek A. Hoyte ("Hoyte") filed a complaint against Defendants in the Superior Court of the State of Washington in Clark County requesting declaratory relief, injunctive relief, and an accounting. Dkt. 2, Declaration of Jacob M. Downs, Exh. E ("Complaint"). On May 20, 2011, Defendants removed the action to this Court. Dkt. 1.

ORDER - 1

On May 27, 2011, Defendants filed a motion to dismiss. Dkt. 9. Hoyte did not respond. On May 24, 2011, Defendants replied. Dkt. 12.

## II. FACTUAL BACKGROUND

Hoyte alleges that he entered into a loan transaction with Bank of America N.A. for the real property located at 3618 SE 327th, Washougal, WA ("Property"). Complaint, ¶¶ 1, 4. On March 4, 2010, the Deed of Trust was transferred to Defendant Wells Fargo Bank, N.A. *Id*. ¶ 8. Hoyte alleges that the "Deed of Trust contains a statement that the real property conveyed thereby is not used principally for agricultural purposes." *Id*. ¶ 13.

Hoyte also alleges that that statement is false because

> [o]n the date that the Deed of Trust was executed the property contained an apple orchard of over 100 trees, which annually produced a crop of apples for commercial sale. The orchard still contains all of the original apple trees, the fruit of which are harvested annually for commercial sale. The only other commercial activity which takes place on the property consists of agritourism, or "farm tours" which is dependent upon, and integral to, the farming activity.

*Id*. Hoyte's causes of action for declaratory and injunctive relief are based on an exception to Washington's nonjudicial foreclosure proceeding wherein real property that is used to produce crops must be foreclosed judicially. *See* R.C.W. 61.24.030(2).

Defendants have submitted a document from a public matter involving the Property and a Notice & Order ("N&O") issued by Clark County. On September 1, 2009, the county issued the N&O alleging that Hoyte was "violating [Clark County Code] 40.210.020 by operating a commercial amusement service and/or a private recreational facility, zip line tours, on the Property without Conditional Use Permit ("CUP") approval." Dkt. 10, Declaration of Jacob M. Downs, Exh D ("Final Order"), ¶ A2. Hoyte appealed the N&O and, on November 10, 2010, a public hearing was held on the N&O. *Id*. ¶ C1. At the hearing, Hoyte testified that "He harvests apples on the site . . . . He previously sold apples from the site to the public, however in recent years he processed

the apples for juice for personal consumption." *Id*. ¶ C3(h). The hearing officer found that "the only agricultural use on the Property is an apple orchard, the product of which is used solely for personal consumption." *Id*. ¶ D2.

## III. DISCUSSION

As a threshold matter, "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Civil Rule 7(b)(2). In this case, Hoyte failed to file papers in opposition to Defendants' motion to dismiss. Therefore, the Court will consider Hoyte's failure as an admission that Defendants' motion has merit.

### A. Judicial Notice

"In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record." *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995) (citing *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). A court shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. Fed. R. Civ. P. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b).

In this case, Defendants request that the Court take judicial notice of the Final Order on the N&O regarding the Property. Dkt. 9 at 3. The Court finds that the Final Order is a matter of public record and that its authenticity is not subject to reasonable dispute. Therefore, the Court will take judicial notice of the Final Order.

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

The Washington Deed of Trust Act ("DOTA") provides the framework for nonjudicial foreclosure proceedings in Washington. R.C.W. 61.24, *et seq.* A nonjudicial trustee's sale can only be conducted where

> the deed of trust contains a statement that the real property conveyed is not used principally for agricultural purposes; provided, if the statement is false on the date the deed of trust was granted or amended to include that statement, and false on the date of the trustee's sale, then the deed of trust must be foreclosed judicially. Real property is used for agricultural purposes if it is used in an operation that produces crops, livestock, or aquatic goods . . . .

RCW 61.24.030(2).

In this case, Defendants argue that Hoyte is not entitled to declaratory or injunctive relief based on his allegation that the Property "contains all of the original apple trees, the fruit of which are harvested annually for commercial sale." Defendants contend that (1) Hoyte does not allege that the Property was or is used "principally" to produce apple crops and (2) Hoyte's recent public testimony is that he currently "processed the apples for juice for personal consumption." Final Order, ¶ C3(h). The Court agrees with Defendants and finds that the Complaint fails to allege facts sufficient to show that the Property is used principally to produce apple crops. Even if the Property is used to

produce some apples that are sold commercially, a fact that is in direct contradiction to Hoyte's recent public testimony, Hoyte has failed to allege that this production of apples is the "principal" use of the Property. Therefore, the Court grants Defendants' motion on these issues because the Complaint does not contain sufficient allegations to entitle Hoyte to declaratory or injunctive relief.

With regard to Hoyte's request for an accounting, Defendants argue that Hoyte has failed to include allegations entitling him to relief. To state a cause of action for an accounting, a plaintiff must establish: "(1) a fiduciary relation existed between the parties, or that the account is so complicated that it cannot be conveniently taken in an action at law; and (2) the plaintiff has demanded an accounting from the defendant and the defendant has refused to render it." *State v. Taylor*, 58 Wn.2d 252, 262 (1961).

Upon review of the Complaint, Hoyte has failed to allege (1) that a fiduciary relationship exists, (2) that a complicated account exists, or (3) that he has requested an accounting that has been refused by Defendants. Therefore, the Court grants Defendants' motion on this cause of action.

**C.  Relief**

Defendants request that the Court dismiss the Complaint with prejudice. Dkt. 9 at 2. However, if the Court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

In this case, Hoyte has failed to respond to Defendants' motion to dismiss or offer any arguments regarding how the deficiencies in the Complaint may be cured. Therefore, the Court grants Defendants' requested relief and dismisses the Complaint with prejudice

because the Court cannot determine that allegations of other facts will cure the deficiencies in the Complaint set forth above.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 9) is **GRANTED** and Hoyte's Complaint is **DISMISSED with prejudice**.

DATED this 7th day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge